UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UBER TECHNOLOGIES, INC., | Case No. 20 cv 4842 |
| Petitioner, | |
| -against- | **PETITION TO COMPEL ARBITRATION** |
| ARTHUR BLOSSOMGAME, | |
| Respondent. | |

Petitioner UBER TECHNOLOGIES, INC., ("Petitioner" or "Uber") respectfully petitions this Court for an Order compelling arbitration against Respondent ARTHUR BLOSSOMGAME ("Respondent" or "Blossomgame") pursuant to Sections 4 and 206 of the Federal Arbitration Act, 9 U.S.C. §§ 4, 206, and alleges as follows:

**NATURE OF THE ACTION**

1. Uber brings this Petition pursuant to Section 4 and 206 of the Federal Arbitration Act ("FAA") to compel Blossomgame to arbitrate all claims he brought, or could have brought, against Uber in a Verified Complaint filed with the New York State Division of Human Rights ("NYSDHR" or the "Division"), on September 16, 2019, titled *Arthur Blossomgame v. Uber Technologies, Inc.*, Case No. 10204306 (the "NYSDHR Complaint"). Blossomgame filed the NYSDHR Complaint, which was cross filed with the Equal Employment Opportunity Commission, alleging claims purportedly arising under the New York State Human Rights Law ("NYSHRL"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the American with Disabilities Act ("ADA"). The Division has sent the state-law claims for an adversarial hearing before an administrative law judge. Section 15.3 of the Parties' contract for services contains an

Arbitration Provision that requires that the claims Blossomgame has brought in the Action be submitted to arbitration. *See* **Exhibit A**.

## PARTIES

2. Petitioner Uber Technologies, Inc. is incorporated under the laws of the State of Delaware, with its principal place of business in San Francisco, California.

3. Respondent Blossomgame is a resident of the State of New York.

## JURISDICTION

4. This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 1331 because Blossomgame brings claims against Uber arising under federal statutory law.

5. This Court also has jurisdiction over the Petition pursuant to 28 U.S.C. § 1332 because the Parties to this Petition are citizens of different states.

6. The amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a) is also satisfied, as Blossomgame seeks compensatory and punitive damages in excess of $75,000.

7. Venue is proper in this Court pursuant to 9 U.S.C. § 4 and because a substantial part of the events giving rise to this action occurred in this judicial district. Venue is also proper here because the Parties' written arbitration agreement provides for mandatory binding arbitration "no more than 45 miles from the place where you last provided transportation services." **Ex. A** § 15.3(iii). The Eastern District of New York is within 45 miles of the last place where Blossomgame last provided transportation services.

## RELEVANT FACTS

8. Uber, a software company, develops multi-sided platforms to create digital marketplaces. Uber's most widely known marketplace, the Uber Rides marketplace, matches individuals in need of local transportation ("riders") with independent transportation providers ("drivers"), who almost always operate locally near their homes.

9. To access the Rides marketplace, riders download Uber's Rider App, while drivers willing to provide transportation services download Uber's Driver App. The software in the apps enables riders and drivers to connect based on their location. Using Uber's Rider App, riders can connect with available, non-federally regulated drivers nearby who offer a variety of transportation options within their local communities. Uber's Apps are primarily used to facilitate transportation for short-distance trips within one of the 175 cities across the United States where Uber is available. Drivers can license Uber's Driver App by entering a platform access agreement (formerly referred to as a license agreement or a technology services agreement) and paying a service fee. Uber does not pay drivers to provide transportation to riders; riders pay drivers for the transportation services they request.

10. Blossomgame first signed up to use Uber's Driver App as a driver in New York City on August 21, 2015, contracting with Uber USA, LLC to do so.

11. In New York City at that time, any driver who wished to use Uber's Driver App to obtain leads must enter into a technology services agreement with Uber USA, LLC, a wholly-owned subsidiary of Uber ("Uber USA TSA"). Blossomgame signed an Uber USA TSA.

12. Similarly, then as now, drivers in New York State (besides New York City) who wished to use Uber's Driver App entered into an agreement with Rasier-NY, LLC ("Rasier-NY"), a wholly-owned subsidiary of Rasier, LLC, which is itself a wholly-owned subsidiary of Uber.

13. Blossomgame stopped using his New York City Uber account in 2017, and subsequently let the account slip into inactive status by not providing proof of a renewed Taxi & Limousine Commission ("TLC") license.

14. On September 16, 2017, Blossomgame contracted with Rasier-NY to match with riders using the Uber App in Nassau County (outside New York City).[1] Blossomgame did so by logging on to Uber's Driver App and accepting the June 17, 2017 version of the Rasier-NY Technology Services Agreement (the "Rasier-NY TSA").

15. The Rasier-NY TSA, like the Uber USA TSA, contains an Arbitration Provision.

*The Arbitration Provision*

16. The Arbitration Provision "applies, without limitation, to all disputes between You and the Company or Uber, as well as disputes between You and the Company's or Uber's fiduciaries, administrators, affiliates, subsidiaries, parents, and all successors and assigns of any of them, including but not limited to any disputes arising out of or related to this Agreement and disputes arising out of or related to your relationship with the Company, including termination of the relationship." **Ex. A** § 15.3(i).

17. The Rasier-NY TSA defines "Uber" as Uber Technologies, Inc. *Id.* at 1 (preamble). Moreover, the Arbitration Provision itself explicitly states that "Uber Technologies, Inc. is an intended, third party beneficiary of this Agreement." *Id.* § 15.3(i).

18. For the avoidance of doubt, in the Arbitration Provision, the Parties explicitly agreed to arbitrate, without limitation, all "claim arising under the . . . Civil Rights Act of 1964, American With Disabilities Act, . . . Fair Labor Standards Act, . . . and state statutes, if any, addressing the same or similar subject matters." *Id.* § 15.3(i).

19. The Arbitration Provision "is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (the "FAA") and evidences a transaction involving interstate commerce." *Id.*

---

[1] Blossomgame registered as a driver under the misspelled name "Arthur Blossomhame."

20. Blossomgame had the opportunity to *opt out* of the Arbitration Provision by submitting an email or letter to the Company within thirty days of his execution of the Arbitration Agreement. *See id.* § 15.3(viii). The Arbitration Provision stated, in bold print: **"Should you not opt out of this Arbitration Provision within the 30-day period, you and the Company shall be bound by the terms of this Arbitration Provision."** *Id.*

21. Blossomgame elected *not to opt out* of the Arbitration Agreement.

22. The Arbitration Provision "survives after the Agreement terminates." *Id.* § 15.3(i).

23. Following a review of Blossomgame's account, Uber informed Blossomgame on February 25, 2019 that, following an account review, it had decided to deactivate his account due to, among other reasons, safety concerns in light of "multiple reports of problematic behavior," effective immediately.

### *The NYSDHR Complaint*

24. On September 16, 2019, Blossomgame filed his NYSDHR Complaint with the NYSDHR. Blossomgame's NYSDHR Complaint purports to state claims arising under the New York State Human Rights Law ("NYSHRL"), Title VII of the Civil Rights Act of 1964, and the American with Disabilities Act.

25. The claims stated in the NYSDHR Complaint are expressly covered by the Arbitration Provision of the Rasier-NY TSA.

26. The NYSDHR sent the Parties a notice (the "Hearing Notice") stating: "Please be advised that pursuant to Section 465.12 of the Rules of Practice, 9 N.Y.C.R.R § 465.12, the above-referenced matter has been scheduled for a telephonic preliminary conference before Alexander Linzer, an Administrative Law Judge of the New York State Division of Human

Rights, to determine the charges of unlawful discriminatory practice as alleged in the attached verified complaint, on the following date and time:" October 15, 2020, from 9:00 AM – 11:00 AM.

27. On October 2, 2020, Uber asked Blossomgame to request withdrawal of his NYSDHR Complaint and submit any and all claims that he may have against Uber to arbitration pursuant to the Arbitration Provision of the Parties' Rasier-NY TSA. Blossomgame refused.

28. As of the date of Uber's Petition, Blossomgame had not agreed to request withdrawal of his NYSDHR Complaint or to submit any and all claims that he may have against Uber to arbitration in accordance with the Arbitration Provision. *See id.* ¶ 6.

## COUNT I
## PERMANENT INJUNCTION AND ORDER COMPELLING ARBITRATION PURSUANT TO 9 U.S.C. § 4

29. Uber repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

30. The Arbitration Provision of the Rasier-NY TSA is a part of a valid and enforceable contract between Uber's affiliate and Blossomgame, to which Uber is an intended third-party beneficiary. The Arbitration Provision requires that any and all disputes between Blossomgame and Uber, or its affiliates, be decided exclusively through mandatory binding arbitration.

31. Uber seeks an order permanently enjoining Blossomgame from pursuing his NYSDHR Complaint, directing him to request dismissal of his NYSDHR Complaint, enjoining him from initiating any other litigation or proceeding that would violate the Arbitration Provision, and compelling Blossomgame to arbitrate any claims he may choose to maintain against Uber, or its affiliates, pursuant to the terms of the Arbitration Provision.

32. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, this Court has authority to compel Blossomgame to arbitrate the claims asserted in his NYSDHR Complaint.

33. The Arbitration Provision is also enforceable by this Court pursuant to Section 206 of the Federal Arbitration Act, 9 U.S.C. § 206, which authorizes this Court to enter an order directing that the arbitration proceed in the manner provided for in the Arbitration Provision.

**PRAYER FOR RELIEF**

**WHEREFORE**, Petitioner demands judgment:

A. Compelling Respondent Arthur Blossomgame to submit to binding arbitration all claims covered by the Arbitration Provision that he intends to maintain against Uber or its affiliates, including all claims asserted in the NYSDHR Complaint.

B. Directing that the arbitration proceed in the manner provided for in the Arbitration Provision.

C. Directing Respondent to request dismissal of the NYSDHR Complaint and annul his election of remedies pursuant to Section 297(9) of the New York Executive Law, Article 15.

E. Awarding to Petitioner the costs and disbursements of this action, including an award of reasonable attorneys' fees; and

F. Awarding any other relief the Court deems just and proper.

Dated: October 8, 2020  **LITTLER MENDELSON, P.C.**
New York, NY

By: */s/ Sean A. Malley*
   Sean A. Malley

Miguel A. Lopez
900 Third Avenue
New York, NY 10022
(212) 583-9600

*Attorneys for Petitioner*