UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UBER TECHNOLOGIES, INC.,

                             Plaintiff,

- against -

ARTHUR BLOSSOMGAME,

                             Defendant.

ECF Case

INDEX NO.: 20-CV-4842

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION**

Dated:  Garden City, NY
         October 23, 2020
         BELL LAW GROUP, PLLC

                                                  By: _____/s/_____
                                                       Laura R. Reznick, Esq.
                                                       100 Quentin Roosevelt Boulevard
                                                       Suite 208
                                                       Garden City, NY 11530
                                                       Tel: 516.280.3008
                                                       Fax: 212.656.1845
                                                       lr@belllg.com
                                                       *Attorneys for Defendants*

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ............................................................................................. 1

**FACTS** ........................................................................................................................................ 1

**LEGAL STANDARD** ............................................................................................................... 2

**ARGUMENT** .............................................................................................................................. 2

    I.    THERE WAS NO AGREEMENT TO ARBITRATE ......................................................... 2

        A.    Defendant Opted Out of Arbitration ................................................................... 2

        B.    Uber Has Not Established That Blossomgame Ever Accepted the 2017 Agreement ..... 3

    II.    The Arbitration Provision Does Not Bar Defendant's New York State Division of Human Rights Action ............................................................................................. 4

**CONCLUSION** ........................................................................................................................ 4

## PRELIMINARY STATEMENT

Defendant Arthur Blossomgame submits this memorandum of law in opposition to Plaintiff's Order to Show Cause seeking to compel him to arbitrate his claims currently pending before the New York State Division of Human Rights.

Arbitration should not be compelled for several reasons. Most importantly, contrary to Plaintiff's representations, Mr. Blossomgame **expressly opted out** of arbitration in 2015, and stated in his opt-out letter that "if there are any further notices I will decline arbitration with Uber." Additionally, even if this Court finds Mr. Blossomgame's opt-out request insufficient to demonstrate that there was no agreement to arbitrate, Plaintiff's evidence is insufficient to demonstrate the existence of an agreement to arbitrate. Additionally, even if there were an agreement to arbitrate, such agreement would not compel dismissal of Defendant's NYSDHR proceeding, as it is well established that arbitration agreements do not bind administrative agencies such as the Division of Human Rights.

For these reasons, Plaintiff's OTSC should be denied and this action should be dismissed.

## FACTS

According to Plaintiff, Defendant agreed to arbitration when he accepted the Uber USA, LLC Technology Services Agreement ("Uber USA TSA") on December 11, 2015. As Plaintiff concedes, this Agreement provided drivers such as Defendant with the opportunity to opt out of arbitration. Contrary to Plaintiff's contentions, Defendant did just that.

By letter dated December 15, 2015, Defendant notified Uber that he was "not interested in arbitration." *See* **Exhibit A**, Declaration of Arthur Blossomgame, ¶¶ 3-4. Defendant's letter further stated that "If there are any future notices I will decline arbitration with Uber." This clearly demonstrates Defendant's lack of agreement to arbitrate and put Plaintiff on notice that Defendant

was not agreeing to arbitrate in the future even if he was required to accept the same or a similar agreement in order to keep using the platform.

## LEGAL STANDARD

A motion to compel arbitration requires the court to address two issues: "(1) whether the parties have entered into a valid agreement to arbitrate, and (2) if so, whether the dispute at issue falls within the scope of the parties' agreement to arbitrate." Arkin v DoorDash, Inc., 2020 US Dist LEXIS 152799, at *6-7 (E.D.N.Y. Aug. 24, 2020, No. 19-CV-4357 (NGG) (RER)) (*citing* In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 128 (2d Cir. 2011)); *see also* Granite Rock Co. v. Int'l Brotherhood of Teamsters, 561 U.S. 287, 299 (2010) ("[C]ourts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement *nor* (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue." (emphasis in original)). Here, the first prong of the test cannot be satisfied because the existence of a valid agreement to arbitrate is at issue due to Mr. Blossomgame's letter opting out of arbitration.

## ARGUMENT

### I. THERE WAS NO AGREEMENT TO ARBITRATE

#### A. Defendant Opted Out of Arbitration

It is clear from Defendant's December 15, 2015 letter, attached as Exhibit 1 to the Blossomgame Declaration, that Defendant did not agree to arbitrate any disputes with Uber. Defendant sent his letter on or about December 15, 2015, well within 30 days after December 10, 2015, the date Uber claims he received the Agreement. Defendant followed the procedure laid out by Uber for opting out to a tee, sending it to the address specified by Uber within the timeframe provided by Uber. Thus, there is no basis whatsoever for this Court to conclude that a valid agreement to arbitrate existed.

was not agreeing to arbitrate in the future even if he was required to accept the same or a similar agreement in order to keep using the platform.

## LEGAL STANDARD

A motion to compel arbitration requires the court to address two issues: "(1) whether the parties have entered into a valid agreement to arbitrate, and (2) if so, whether the dispute at issue falls within the scope of the parties' agreement to arbitrate." Arkin v DoorDash, Inc., 2020 US Dist LEXIS 152799, at *6-7 (E.D.N.Y. Aug. 24, 2020, No. 19-CV-4357 (NGG) (RER)) (*citing* In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 128 (2d Cir. 2011)); *see also* Granite Rock Co. v. Int'l Brotherhood of Teamsters, 561 U.S. 287, 299 (2010) ("[C]ourts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement *nor* (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue." (emphasis in original)). Here, the first prong of the test cannot be satisfied because the existence of a valid agreement to arbitrate is at issue due to Mr. Blossomgame's letter opting out of arbitration.

## ARGUMENT

### I. THERE WAS NO AGREEMENT TO ARBITRATE

#### A. Defendant Opted Out of Arbitration

It is clear from Defendant's December 15, 2015 letter, attached as Exhibit 1 to the Blossomgame Declaration, that Defendant did not agree to arbitrate any disputes with Uber. Defendant sent his letter on or about December 15, 2015, well within 30 days after December 10, 2015, the date Uber claims he received the Agreement. Defendant followed the procedure laid out by Uber for opting out to a tee, sending it to the address specified by Uber within the timeframe provided by Uber. Thus, there is no basis whatsoever for this Court to conclude that a valid agreement to arbitrate existed.

To the extent Plaintiff contends that Defendant nevertheless agreed to arbitrate when he allegedly re-accepted the Agreement in 2017, this argument is without merit. Defendant's December 15, 2015 letter made it clear that Defendant intended his opt out to continue to apply even if he was sent future "notices" from Uber regarding arbitration. Moreover, nothing in the 2015 Agreement (Dkt. No. 7-3 Ex. A) or the 2017 Agreement (Dkt. No. 7-3 Ex. B) provided Defendant with notice that his previous letter opting out would be invalidated if he did not send another opt out notice.

Thus, the first requirement to compel arbitration cannot be met, because Defendant sent a valid opt-out notice within the timeframe prescribed by Uber using the procedures prescribed by Uber. Because the first requirement to compel arbitration has clearly not been met, it is unnecessary to determine whether the claims at issue fall within the scope of Plaintiff's form arbitration agreement, since the provision was not agreed to in the first place.

**B. Uber Has Not Established That Blossomgame Ever Accepted the 2017 Agreement**

In response to requests from Defendant's counsel, Plaintiff sent a spreadsheet of documents that Plaintiff claims shows the date Defendant accepted each document. A printout of said spreadsheet is attached to the Rosenthal Declaration, Dkt. No. 7-3 Ex. C. However, the printout of the spreadsheet shows only a user with an anonymous ID, which they have not established belongs to Mr. Blossomgame, and a list of dates and documents. It does not actually prove that any of the documents at issue were accepted by Mr. Blossomgame. In his declaration, Mr. Rosenthal references actual receipts that could demonstrate Mr. Blossomgame's acceptance of the Agreements, but no such receipts are provided, only an after-the-fact spreadsheet that does not even contain a timestamp showing when Mr. Blossomgame purportedly accepted each document. This is insufficient to establish that Mr. Blossomgame electronically signed the Agreements at

issue. However, even if the Court finds Plaintiff's evidence of electronic signature sufficient, which it should not, there is still no valid agreement to arbitrate because Defendant validly opted out of arbitration in December 2015.

**II. The Arbitration Provision Does Not Bar Defendant's New York State Division of Human Rights Action**

Contrary to Plaintiff's contention, the New York State Division of Human Rights, a state administrative agency, cannot be compelled to dismiss Defendant's case based on an arbitration agreement to which it was not a party. *See, e.g.,* EEOC v Waffle House, Inc., 534 US 279 (2002); Hong Wang v Precision Extrusion, Inc., 2018 US Dist LEXIS 106084 (NDNY June 26, 2018, No. 1:18-CV-350 (FJS/DJS) (noting that the NYSDHR, like the EEOC and Connecticut Human Rights Division, are not bound by arbitration agreements). Thus, Plaintiff's motion to compel arbitration should also be denied on this ground.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion to compel arbitration should be denied in its entirety.

Dated: Garden City, New York
October 23, 2020

Respectfully submitted,

_____/s/_____

Laura R. Reznick, Esq.
BELL LAW GROUP PLLC.
*Attorneys for Defendants*
100 Quentin Roosevelt Blvd.
Suite 208

4

                                                     Garden City, NY 11530
                                                     Tel: 516-280-3008
                                                     lr@belllg.com