UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UBER TECHNOLOGIES, INC.,

                        Petitioner,

          v.

ARTHUR BLOSSOMGAME,

                        Respondent.
----------------------------------------------------------------X

**ORDER**
20-cv-04842 (SJF) (ARL)

**FILED**
**CLERK**
4:05 pm, Jan 19, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On October 9, 2020, Petitioner, Uber Technologies, Inc. ("Petitioner"), filed a petition to compel arbitration and a motion for a temporary restraining order and preliminary injunction seeking to enjoin Respondent, Arthur Blossomgame ("Respondent"), from pursuing claims he brought against Petitioner in a proceeding before the New York State Division of Human Rights ("NYSDHR") ("Motion"). *See* Motion, Docket Entry ("DE") [7]. For the reasons set forth below, Petitioner's Motion for injunctive relief is GRANTED and Respondent is enjoined from pursuing his claims before the NYSDHR.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a software developer most widely known for its Uber Rides marketplace, which matches consumers seeking rides ("Riders") to a desired location with drivers ("Drivers") within a local geographical radius. (DE [1] ("Petition"), at ¶ 1.) Drivers are matched with Riders through the Uber driver app ("Uber Driver App"). (*Id*. at ¶ 9.) Uber Drivers operating within New York City enter into a platform access agreement with Uber USA, LLC and pay a service fee. (*Id.*

at ¶¶ 9-10.)  Uber Drivers operating outside the New York City area are required to enter into an agreement with Rasier-NY, LLC[1] ("Rasier") and pay a service fee.  (*Id.* at ¶ 12.)

On August 21, 2015, Respondent entered into an agreement with Uber USA, LLC ("2015 Uber Agreement") to be a Driver in New York City.  (*Id.* at ¶ 10.)  Respondent's Uber Driver account became inactive in 2017 for lack of use and for failure to provide proof of a renewed Taxi & Limousine Commission license.  (*Id.* at ¶ 13.)  On September 16, 2017, Respondent entered into an agreement with Raiser ("2017 Raiser Agreement") in order to provide rides outside of the New York City area.  (*Id.* at ¶ 14.)  The 2015 Uber Agreement and 2017 Raiser Agreement ("Agreements") each include an arbitration provision and explicitly state that "the Federal Arbitration Act, 9 U.S.C. § 1 et seq." applies.  (*Id.* at ¶¶ 15, 19.)  In February 2019, Petitioner terminated Respondent's account citing, among other reasons, "safety concerns in light of 'multiple reports of problematic behavior[.]"  (*Id.* at ¶ 23.)

The arbitration provisions in the Agreements provide that "any disputes, actions, claims or causes of action arising out of or in connection with this Agreement or the Uber Service shall be subject to arbitration pursuant to Section 15.3."  (DE [7-3] at 23.)  Drivers may opt out of the arbitration clause within 30 days of signing the agreement by submitting an email or letter to the Company.  (*Id.* at 29-30.)

Respondent contends that he opted out of the 2015 Uber Agreement's arbitration provision by submitting a letter to Petitioner ("Letter") on December 15, 2015.  In the Letter, Respondent stated that he was "not interested in arbitration[.]"  Respondent further contends that the Letter

---

[1] Rasier-NY, LLC is a subsidiary of Rasier, LLC, which is itself a wholly-owned subsidiary of Uber Technologies, Inc.  Uber USA, LLC is a wholly-owned subsidiary of Uber Technologies, Inc.  See Petition at ¶¶ 11-12.

applied to the 2015 Uber Agreement and any future agreements between Respondent and any party affiliated with Petitioner. (DE [17], Respondent's Opposition Brief at 3.)

On September 16, 2019, Respondent filed a complaint against Petitioner with the NYSDHR. The complaint asserts claims arising under the New York State Human Rights Law, Title VII of the Civil Rights Act of 1964, and the American with Disabilities Act. (Petition at ¶ 24.) Petitioner contends that the arbitration provisions in the Agreements apply to the claims before the NYSDHR and seeks an order from this Court enjoining Respondent from proceeding in the NYSDHR action and compelling arbitration.

## II.     PETITIONER'S REQUEST FOR A PRELIMINARY INJUNCTION IS GRANTED.

### A.     Standard

"[A] party seeking a preliminary injunction must show: '(a) irreparable harm and (b) either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *Rossi v. Fischer*, No. 13-cv-3167, 2014 WL 5786942, at *3 (S.D.N.Y. Mar. 31, 2014) (quoting *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35–38 (2d Cir. 2010)) (internal citations omitted).

#### 1.     Petitioner will suffer irreparable harm if its request is denied.

"It is well established that losing the ability to enforce an arbitration agreement is a form of irreparable harm." *See Emilio v. Sprint Spectrum L.P.*, No. 08-cv-7147, 2008 WL 4865050, at *3 (S.D.N.Y. Nov. 6, 2008). "Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts. Such a course could lead to prolonged litigation, one of the very risks the parties, by contracting for arbitration, sought to eliminate." *Reliance Nat'l*

*Ins. Co. v. Seismic Risk Ins. Servs., Inc.*, 962 F. Supp. 385, 388 (S.D.N.Y. 1997) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)); *see also Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 482 F. Supp. 788, 792 (S.D. Fla. 1980), *rev'd on other grounds*, 677 F.2d 391 (4th Cir.1982) (risk of engaging in discovery and going to trial "over a controversy for which this court ordered arbitration" constitutes irreparable harm). A district court may enjoin a party from litigating a case in a state court action to bar irreparable harm. *Reliance Nat'l Ins. Co.*, 962 F. Supp. at 391 ("whether as a stay to protect jurisdiction or as an injunction to bar irreparable injury, Seismic will be enjoined from proceeding in the California action.")

If the Court were to deny Petitioner's request for a preliminary injunction to enjoin Respondent from proceeding in the NYSDHR action, Petitioner would lose the benefit of its bargained for right to arbitrate all disputes that arise under the Agreements. In this event, Petitioner would suffer harm that could not be remedied with money damages. For these reasons, the Court finds that Petitioner would be irreparably harmed if its request for a preliminary injunction is denied.

### 2.     **Petitioner is likely to succeed on the merits of its claims.**

Petitioner has established a likelihood of success on the merits because it has shown that the parties' dispute is likely arbitrable. Respondent contends that through the Letter he opted out of the 2015 Uber Agreement. However, the Letter does not appear to properly opt out of the arbitration provision in accordance with the terms of the agreement because: 1) the Letter was not signed by Respondent; 2) it was mailed to the wrong address, and 3) it was mailed three months after the 2015 Uber Agreement was entered into. As to the 2017 Raiser Agreement, Respondent fails to offer any evidence demonstrating that the arbitration provision in the 2017 Raiser Agreement does not apply. The 2017 Raiser agreement was entered into with a different entity

and governed a distinct geographical area different than the 2015 Uber Agreement. Indeed, Respondent entered into the 2017 Raiser Agreement because he wanted to expand the area in which he could work as a Driver for Petitioner. Further, even if the Letter did apply to the 2017 Raiser Agreement, it fails to comply with the opt out arbitration provision.

For these reasons, the Court finds that Petitioner has established a likelihood of success on the merits.

### III.    CONCLUSION

Petitioner has established that it will be irreparably harmed if the arbitration provisions in the Agreements are ignored. Petitioner has further established a likelihood of success on the merits of its claims. The Court will allow for limited expedited discovery regarding the issue of arbitrability, including whether Respondent properly opted out of the arbitration provisions in the Agreements.

For the reasons stated above,

**It is** on this **19th day** of **January 2021**:

**ORDERED**, that Petitioner's request for a preliminary injunction is temporarily GRANTED; and

**ORDERED**, that Respondent is temporarily enjoined from pursuing its claims before the NYSDHR.

SO ORDERED.

 /s/ Sandra J. Feuerstein 
**Sandra J. Feuerstein**
**United States District Judge**