UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   Civil Action No. 20-cv-4842

UBER TECHNOLOGIES, INC.,

                      Petitioner,                  **NOTICE OF MOTION TO WITHDRAW AS COUNSEL**

   -against-

ARTHUR BLOSSOMGAME,

                      Respondent.
-------------------------------------------------------------X

That upon the annexed Affirmation of Matthew Madzelan, Esq., and upon all pleadings and proceedings heretofore had herein, Respondent's Counsel, Bell Law Group, PLLC, will move this Court, before the Honorable Arlene R. Lindsay, U.S.M.J., at the District Courthouse located at 814 Federal Plaza, Central Islip, New York 11722, on the 16th day of February, 2021, at 9:30 a.m., or as soon thereafter as counsel may be heard, for an order pursuant to Rule 1.4 of the Local Rules of the Eastern District of New York permitting Bell Law Group, PLLC, to withdraw as counsel for Respondent, Arthur Blossomgame.

Please take further notice that pursuant to Federal Rule of Civil Procedure, any opposing papers are to be filed and served upon the undersigned no later than seven (7) days prior to the return date of this motion.

Dated: Garden City, New York
          January 28, 2021

                                                  Very truly yours,
                                                  BELL LAW GROUP, PLLC

                                                  */s/ Matthew Madzelan*
                                                  Matthew Madzelan, Esq.
                                                  Attorneys for Respondent
                                                  100 Quentin Roosevelt Boulevard, Suite 208
                                                  Garden City, New York 11530
                                                  (516) 280-3008
                                                  Matthew.M@Belllg.com

LITTLER MENDELSON, P.C.
Sean A. Malley, Esq.
Attorneys for Petitioner
900 Third Avenue
New York, New York 10022
(212) 583-9600
SMalley@littler.com

ARTHUR BLOSSOMGAME
Respondent
P.O. Box 284
Uniondale, New York 11553
longislandride@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Civil Action No. 20-cv-4842

UBER TECHNOLOGIES, INC.,

                        Petitioner,   **AFFIRMATION IN SUPPORT**

   -against-

ARTHUR BLOSSOMGAME,

                        Respondent.
------------------------------------------------------------X

      Matthew Madzelan, Esq. an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury as follows:

      1)      I am associated with Bell Law Group, PLLC, attorneys for the Respondent, Arthur Blossomgame, in the above captioned matter, and as such I am fully familiar with all of the prior pleadings and proceedings heretofore had herein as pertains to the instant motion, as well as all the facts and circumstances of this case.

      2)      This Affirmation is submitted in support of the within application for an Order permitting Respondent's Counsel, Bell Law Group, PLLC, to withdraw as Counsel for Respondent, and for such other and further relief as the Court deems just and proper.

      3)      This is an action brought via a petition by petitioner, Uber Technologies, Inc., to compel Respondent, Arthur Blossomgame, to arbitrate his claims set forth in his complaint filed with the New York State Division of Human Rights ("NYSDHR"), to permanently enjoin Respondent from proceeding in the NYSDHR and to direct Respondent to seek dismissal of his NYSDHR claims.

      4)      Respondent's Counsel brings this application on the basis that there has been a fundamental and significant breakdown in communications between Respondent's Counsel and

Respondent, there has been a lack of cooperation rendering representation unreasonably difficult, there has been a fundamental disagreement regarding the course of action in which to proceed in this matter and the attorney-client relationship has deteriorated to the extent of resulting in irreconcilable differences in which representation cannot effectively continue.

5) As a result of the foregoing, the attorney-client relationship has reached an impasse in which it can no longer proceed. Therefore, it is the best interests of Respondent that current Counsel be relieved, and Respondent be provided a reasonable period in which to obtain new counsel.

6) While Respondent's Counsel is not at liberty to disclose the particular issues and conflicts, should the Court wish to inquire further it is respectfully requested that the same be conducted ex parte to prevent any prejudice to Respondent.

## ARGUMENT

**A. There is an Irreconcilable Conflict Between Respondent and Respondent's Counsel and There is Satisfactory Reasons for Withdrawal**

7) Pursuant to Local Rule 1.4, an attorney may be relieved by the court upon a showing of "satisfactory reasons for withdrawal or displacement and the posture of the case . . . and whether or not the attorney is asserting a retaining or charging lien." It is well settled that such satisfactory reasons include where the client "renders it unreasonably difficult for the lawyer to carry out employment effectively". *Stephen Eldridge Realty Corp. v. Green*, 174 A.D. 2d 564, 566, 570 N.Y.S.2d 677, 678 (2nd Dept. 1991); *Bok v. Werner*, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dept. 2004); *Johns-Mansville Sales Corp. v. State Univ. Constr. Fun*, 79 A.D.2d 782, 434 N.Y.S.2d 830 (3rd Dept. 1980); 22 NYCRR § 1200.15. Further, where a client's relationship with their attorney has deteriorated to such an extent that continued representation would be inappropriate, the motion should be granted. *Lake v. M.P.C. Trcuking Inc.*, 718 N.Y.S.2d 903, 279 A.D.2d 813 (3rd Dept.

2001) ("Good and sufficient cause has been found to exist when there are irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in litigation"); *Kraus v. Botti*, 699 N.Y.S.2d 189, 190 (3rd Dept. 1999); *Ashkar v. International Business Machines Corp.*, 201 A.D.2d 765, 766, 601 N.Y.S.2d 488, 489 (3rd Dept. 1994).

8) The existence of an irreconcilable conflict is sufficient cause alone "for the attorney to cease representing his client". *Casper v. Lew Lieberbaum & Co.*, 1999 WL 335334, at *4 (S.D.N.Y 1999); *Hancock v. County of Suffolk*, 2007 WL 4180805, *1 (E.D.N.Y. Nov. 20, 2007) (it has been recognized that the inability of an attorney to effectively communicate with his or her client which compromises the attorney's ability to represent the client constitutes "irreconcilable differences"); *Hallmark Capital Corp. v. Red Rose Collection*, Inc., No. 96 Civ. 2839, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997) (permitting withdrawal on the basis of "irreconcilable differences" between plaintiff and his attorney which created a serious breakdown in the relationship and emphasizing that it is not necessary for the Court to decide who or what caused their reconcilable differences); *Generale Bank, New York Branch v. Wassel*, No. 91 CIY 1 768 (PKL), 1992 WL 42168, at *l (S.D.N.Y. Feb. 24, 1992) ("Because of the attorney-client privilege, the Court is not privy to the specifics of the conflict between Beigel & Sandler and Wassel. Nevertheless, it is clear that the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client"); *Sansiviero v. Sanders*, 117 A.D.2d 794, 499 N.Y.S.2d 431, 431 (2nd Dept.), *appeal dismissed*, 68 N.Y.2d 805, 506 N.Y.S.2d 868, 498 N.E.2d 432 (1986) (granting motion to withdraw "[i]n light of the irreconcilable differences between the ... attorney [and] his client, with respect to the proper course to be pursued by counsel in the litigation").

9) There has been a fundamental breakdown in communications between Respondent and Respondent's Counsel, a lack of cooperation by Respondent rendering representation unreasonably difficult, if not impossible, and a deterioration of the attorney-client relationship to the extent that Counsel cannot render effective assistance or further proceed in representing Respondent due to irreconcilable differences. It is in the best interests of Respondent that Respondent be provided a reasonable period to retain new counsel in this matter.

10) Currently, this matter is pending discovery regarding issues or arbitrability and all proceedings in the NYSDHR have been temporarily enjoined. There will be no prejudice to Respondent in permitting the withdrawal of Bell Law Group, PLLC from representation of Respondent at this stage. The status of the case will not be inhibited nor will any future arbitration or lawsuit be disrupted. Further, Respondent's Counsel was granted an order by the NYSDHR on January 19, 2021, permitting withdrawal, Respondent has been notified that Counsel is discontinuing representation and Respondent is seeking new representation.

11) Respondent's Counsel is not claiming any charging or retaining lien.

12) No prior application for the relief sought on this application has been made.

**WHEREFORE**, Bell Law Group, PLLC, respectfully requests that the Court grant an Order permitting Bell Law Group, PLLC, to withdraw as Counsel for Respondent, together with such further relief the Court deems just and proper.

Dated: Garden City, New York
January 28, 2021

BELL LAW GROUP, PLLC

*/s/ Matthew Madzelan*
Matthew Madzelan, Esq.
Attorneys for Respondent
100 Quentin Roosevelt Boulevard, Suite 208
Garden City, New York 11530
(516) 280-3008
Matthew.M@Belllg.com