

**ANDREW M. CUOMO**
Governor

**JOHNATHAN J. SMITH**
Interim Commissioner

February 16, 2021

Honorable Sandra J. Feuerstein,
United State District Court Judge
United State District Court, Eastern District of New York
Central Islip Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: *Uber Technologies, Inc. v. Arthur Blossomgame*, Case 2:20-cv-04842 (SJF) (ARL)

Dear Judge Feuerstein:

      The New York State Division of Human Rights (NYSDHR) has just received your Order issued on January 19, 2021, granting a preliminary injunction in the above referenced matter and temporarily enjoining Arthur Blossomgame from pursuing claims before the New York State Division of Human Rights. The administrative proceeding in *New York State Division of Human Rights on the Complaint of Arthur Blossomgame v. Uber Technologies, Inc.*, SDHR Case No. 10204306 has been adjourned.

      NYSDHR is a state agency created to vindicate the public interest by eliminating and preventing unlawful discrimination in employment and other areas. N.Y. Exec. L. § 290.3. NYSDHR is empowered to investigate and adjudicate discrimination complaints. N.Y. Exec. L. § 297. Although NYSDHR is not a party to this litigation, an injunction against Mr. Blossomgame does affect the agency's ability to conduct an administrative hearing on the merits of the pending complaint in SDHR Case No. 10204306.

      NYSDHR recently intervened in another federal action that stemmed from similar circumstances, *Charter Communications, Inc. v. Derfert*, Case No. 01:20-cv-00915 (W.D.N.Y.). On January 4, 2021, the United States District Court for the Western District of New York issued an order denying a motion by Charter Communications, Inc. that sought a permanent injunction against an individual who was a signatory to a pre-dispute arbitration agreement with

Charter which enjoined further participation before the NYSDHR on her employment discrimination complaint. The Order is attached for your reference.

Relying on *EEOC v. Waffle House, Inc.,* 534 U.S. 279 (2002), where the U.S. Supreme Court held an agreement between an employee and employer to arbitrate employment related complaint did not bar the Equal Employment Opportunity Commission from pursuing victim specific relief in an enforcement action alleging the employer has violated the Americans with Disabilities Act., the Court in Derfert, held that NYSDHR—not the individual complainant—was the prosecutor of discrimination complaints pending before the agency.  The Court then concluded that NYSDHR could not be prevented from pursuing those claims given that the agency itself was not a signatory to the arbitration agreement.  As the Court explained, "[t]he purpose of the prosecution [by NYSDHR] is to rectify violations of New York's Human Rights Law and vindicate the public interest in preventing discrimination that impinges on 'the rights and proper privilege' of New Yorkers, 'the institutions and foundations of a free democratic state,' and the 'peace, order, health, safety and general welfare of the state and its inhabitants.'" *Charter Commc'ns, Inc. v. Derfert*, No. 1:20-CV-915, 2021 WL 37726, at *6–7 (W.D.N.Y. Jan. 4, 2021).[1]

The Order in *Derfert* is fully consistent with a long line of cases in New York State courts.  Those courts have recognized that a government entity empowered by statute to enforce anti-discrimination laws, such as the NYSDHR, cannot be deprived of jurisdiction even in situations where complainants are bound by arbitration agreements.  See, e.g., *People of the State of New York v. Coventry First, LLC*, 13 N.Y.3d 108, 915 N.E.2d 616 (2009), *Ladenburg Thalmann & Co. v. Matty*, 36 Misc. 3d 1243(A), 960 N.Y.S.2d 50 (Sup. Ct. New York Co. 2012), *Perfect Building Maintenance v. Ai Ho and New York State Division of Human Rights*, Index No. 100253/2014 (Supreme Court, New York County 2014).

In light of this precedent, NYSDHR continues to maintain the position that it has independent authority to enforce the New York State Human Rights Law, regardless of whether there is a valid arbitration agreement between Uber Technologies and Blossomgame to arbitrate employment-related disputes. NYSDHR is not a party to any such agreement, and as a result, the agency cannot be barred from investigating or enforcing the Human Rights Law on the complaint of Blossomgame. If a permanent injunction is granted prohibiting the adjudication of Mr. Blossomgame's complaint before NYSDHR vindication of the public interest through enforcement of the Human Rights Law will be undermined.

---

[1] A motion to reconsider is currently pending in that matter.

Thank you for your consideration.

Very Truly Yours,

_____
Interim Commissioner Johnathan J. Smith
New York State Division of Human Rights

Cc.  VIA FIRST CLASS MAIL
Arthur Blossomgame
PO Box 284
Uniondale, New York 11553

ELECTRONICALLY MAILED VIA CM/ECF
Sean A. Malley
Miguel A. Lopez
Littler Mendelson, P.C.
900 Third Avenue, 7th Fl.
New York, NY 10022

Matthew Paul Madzelan
Lauren Ruth Reznick
Bell Law Group, PLLC
100 Quentin Roosevelt Boulevard, Ste. 208
Garden City, NY 11530